IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Cory Nicholas Garrett,<br><br>　　　　　　　　　　　Defendant. | Case No. 1:21-cr-00031 |

## ORDER DENYING MOTION TO REDUCE SENTENCE

[¶1]　THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant on March 10, 2025. Doc. No. 87. The United States filed a Response on March 25, 2025. Doc. No. 88. The Defendant has filed several supplements. Doc. Nos. 90, 91, 92, 94, 95. For the reasons set forth below, the Motion to Reduce Sentence is **DENIED**.

### BACKGROUND

[¶2]　The Defendant pled guilty to Counts One, Two, and Four of an Indictment that charged him in Count One with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine (500 grams or more – mixture); in Count Two with Possession with Intent to Distribute Methamphetamine (500 grams or more – mixture); and in Count Four with Possession of Firearms and Ammunition by a Prohibited Person. See Doc. No. 79, pp. 1–2. At the Defendant's sentencing, the Court found the guidelines range to be 210 to 262 months of imprisonment. The Defendant faced a 120-month mandatory minimum. However, the Court followed the United States' recommendation and sentenced the Defendant to 140 months.

- 1 -

**DISCUSSION**

[¶3]     Under 18 U.S.C. § 3582(c)(1)(A), district courts can modify a term of imprisonment upon either a motion by the Director of the Bureau of Prisons or the defendant. Certain conditions must be met, however, for a defendant to have the right to bring such a request. A defendant must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c).

[¶4]     Once a defendant has exhausted his administrative remedies, courts can reduce a sentence upon a showing of "extraordinary and compelling reasons warrant such a reduction" to the extent "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," but only after consideration of the factors set forth in 18 U.S.C. Section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). Defendants bear the burden of proving a sentencing reduction is warranted. United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022).

[¶5]     The First Step Act does not define "extraordinary and compelling reasons." The relevant policy statement provides a sentencing reduction can occur upon meeting three conditions: (1) "extraordinary and compelling circumstances" warrant the reduction; (2) the court determines "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a)(1)–(3). The policy statement defines "extraordinary and compelling reasons" as:

> (b)     Extraordinary and Compelling Reasons.—Extraordinary and compelling reasons exist under any of the following circumstances or combination thereof:
>
> \*     \*     \*
>
> (1)     Medical Circumstances of the Defendant.—

*   *   *

(B) The defendant is—
- (i) suffering from a serious physical or medical condition,
- (ii) suffering from a serious functional or cognitive impairment, or
- (iii) experiencing deteriorating physical or mental health because of the aging process,

That substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*   *   *

(D) The defendant presents the following circumstances –
- (i) the defendant is housed at a correctional facility affected or at imminent risk of being infected by (I) an ongoing outbreak of infectious disease, or (II) ongoing public health emergency declared by the appropriate federal, state, or local authority;
- (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
- (iii) such risk cannot be adequately mitigated in a timely manner.

*   *   *

(3)   Family circumstances of the Defendant –

*   *   *

(C)   The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

*   *   *

(6) Unusually Long Sentence – If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that

> has been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b). This policy statement is advisory in nature. United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021).

[¶6]     The Defendant outlines several reasons he believes the Court should reduce his sentence. None, however, are extraordinary and compelling under the circumstances.

[¶7]     First, he claims to have a serious functional or cognitive impairment, that his physical and mental health are deteriorating to the point he cannot provide self-care while in custody. The Defendant, however, has failed to provide any medical information to establish this claim. Moreover, this is betrayed by the several certificates of completing various programs while in custody. Doc. Nos. 90, 91, 94, 95. Having thus failed to meet his burden, the Court finds the Defendant's first ground fails. See Avalos Banderas, 39 F.4th at 1062 (burden of proof for compassionate release is on the defendant seeking it).

[¶8]     Second, the Defendant claims to have a medical condition that is not being provided for while in custody. Doc. No. 87, p. 5. This medical condition is his tattoos that have not been surgically removed by his facility. The Court finds tattoo removal is not such a serious medical complication to allow for a sentence reduction under U.S.S.G. § 1B1.13(b)((1)(B). The Defendant has, therefore, failed to meet his burden on his second ground for compassionate release.

[¶9]     Third, the Defendant claims there is an unspecified[1] ongoing infectious disease outbreak and ongoing public health emergency putting him at immediate risk of suffering medical

---

[1] The United States presumes the Defendant refers to the COVID-19 pandemic. Doc. No. 88, p. 6.

complications or death. At the time the Defendant was at FCI-Talahasee[2], there was not a COVID-19 outbreak. See https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp. The Defendant has failed to provide any other information to show there is an on-going infectious disease outbreak at his correctional facility. The Defendant has, therefore, failed to meet his burden on this claim.

[¶10] Fourth, the Defendant argues his mother is incapacitated and he needs to be released to care for her needs. The Defendant provides only a generalized claim that his mother needs care and that he needs to help provide for her. These bare assertions without any evidentiary or documentary support are fatal to his claim. Accordingly, the Defendant has failed to meet his burden.

[¶11] Fifth, Defendant claims he is serving an unusually long sentence and an unspecified change in law would produce a gross disparity between his current sentence and what he would be sentenced to today. The Defendant does not articulate what change in law is relies on. Even if he did, he would not be entitled to a sentencing reduction under U.S.S.G. § 1B1.13(b)(6) because he has not served at least ten years of his term of imprisonment. He also failed to show that his sentence is unusually long. In fact, his sentence was seventy months below the low-end of the guidelines. Accordingly, the Defendant has failed to meet his burden on this claim.

[¶12] Finally, even if the Defendant's circumstances would be "extraordinary and compelling" the Court would nevertheless deny the motion because the weight of the factors under 28 U.S.C. § 3553(a) still favor the sentence imposed. The Defendant has not provided any information to persuade the Court anything has changed since sentencing.

---

[2] The Defendant has since been transferred to USP Allenwood. See Doc. Nos. 89, 89-1.

## CONCLUSION

[¶13]   For the reasons set forth above, the Defendant's Motion to Reduce Sentence is **DENIED**.

[¶14]   **IT IS SO ORDERED.**

DATED September 19, 2025.

Daniel M. Traynor, District Judge
United States District Court